MOORE, Judge.
American Realty Co., a non-resident partnership, appeals from a non-final order denying its motion to quash service of process. We find that the Florida “long arm” statute, Section 48.193, Florida Statutes (1979), does not authorize service of process upon American Realty because American Realty lacks sufficient contacts within the State of Florida. We, therefore, reverse.
Edward and Jeanette Gwin, residents of Michigan, filed a complaint against American Realty seeking specific performance of agreements for the purchase of real property located in Florida and Ohio. A summons was served on John D. Brown, a partner of American Realty. American Realty filed a motion to dismiss and quash service of process which the lower court denied. American Realty appealed that order and this court reversed. American Realty Company v. Gwin, 374 So.2d 643 (Fla. 4th DCA 1979).
The plaintiffs filed an amended complaint which alleged in part:
3. The Defendant American Realty Company is a partnership organized and existing under the laws of the State of Ohio engaged '.in business in the State of Florida.
******
6. [Pjlaintiff Edward S. Gwin and his daughter Barbara J. Taylor entered into an agreement with American Realty Company . . . for the purchase of two parcels of real estate located in ... Ohio....
7. [Pjlaintiff Edward S. Gwin and his daughter Barbara J. Taylor entered into *982 an agreement with John D. Brown for the purchase of real property located in Broward County, Florida. . ..
******
9. [P]laintiff Edward S. Gwin and his daughter Barbara J. Taylor were to purchase the Ohio property . . . and the Ohio property was to then be exchanged for the Florida property.. . .
10. John D. Brown is a partner in American Realty' Company and controls the actions of American Realty Company with respect to the agreements referred to in paragraphs six and seven above.
11. The agreement referred to in paragraphs six and seven were essentially between the same people and principals and were intended to be performed simultaneously and constitute a single transaction.
12. Subsequent to the agreements referred to in paragraphs six and seven above, Barbara J. Taylor assigned all her right, title and interest in the agreements referred to in paragraphs six and seven above to Jeanette A. Gwin.
The agreements were attached to the complaint. The agreement for the plaintiffs’ purchase of the Florida property from John D. Brown was contingent upon consummation of American Realty’s sale to the plaintiffs of the Ohio real estate. The agreement between American Realty and the plaintiffs was contingent upon the plaintiffs’ approval of the condominium document of the Florida real estate which was the subject of the agreement between John D. Brown and the plaintiffs.
A summons was again served on John D. Brown. American Realty then filed a motion to quash service of process.
John D. Brown executed an affidavit which stated that American Realty has never engaged in business, owned real property, or maintained an office, employees or records in Florida. He also stated that none of the dealings between the plaintiffs and American Realty involved any Florida contacts by American Realty.
The plaintiffs filed a counter-affidavit stating that American Realty engaged in business in Florida by entering into the agreement to sell the Ohio property with full knowledge that the agreement was part of a purchase/trade transaction for the plaintiffs to acquire the Florida property.
The trial court denied the motion to quash service of process. This appeal followed.
The allegations and proof offered in the amended complaint and counter-affidavit provide insufficient jurisdictional facts to justify application of the “long arm” statute. Section 48.193 sets forth the acts within Florida subjecting persons to jurisdiction of the courts of this State. The plaintiffs assert that Section 48.193(l)(a) provides the basis for personal jurisdiction over American Realty. That section states:
Acts subjecting persons to jurisdiction of courts of state.—
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in the state.
American Realty’s involvement in the purchase/trade transaction consisted solely of entering into a contract in Ohio with Michigan residents to sell Ohio property. The cause of action against American Realty did not arise out of any business conduct by American Realty in Florida. Consequently, American Realty did not engage in business or a business venture in Florida under the “long arm” statute. American Realty’s agreement with the plaintiffs to sell the Ohio property was separate from John D. Brown’s agreement with the plaintiffs to exchange the Florida property. John D. Brown’s activities in Florida were in his individual capacity and not as an *983 agent of American Realty. American Realty’s sole connection with Florida in the purchase/trade transaction was the contingency of condominium document approval in Florida mentioned in American Realty’s contract with the plaintiffs to sell the Ohio property. This is insufficient to constitute engaging in business or a business venture in Florida.
Accordingly, the Florida “long arm” statute does not provide for personal jurisdiction over American Realty in this case. The order denying its motion to quash service of process is reversed.
HERSEY and HURLEY, JJ., concur.